IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              No. 4:05CR00096 SWW
                                                [No. 4:07CV00165 SWW]

CEPHUS MARKELL GARNER                                                                     DEFENDANT

### ORDER

Defendant entered a guilty plea, on April 3, 2006, to possession with intent to distribute more than 50 grams of cocaine base. The remaining three counts again defendant were dismissed upon oral motion of the government. On July 27th, defendant was sentenced to 240 months imprisonment to be followed by 10 years of supervised release and a $100 special assessment. The judgment and commitment was signed and filed on July 31st and entered on the docket on August 2nd.

Defendant's counsel filed a notice of appeal on August 4th and defendant filed a *pro se* notice on August 11th. On October 26th, the Eighth Circuit Court of Appeals granted defendant's motion to dismiss the appeal.[1] The mandate was filed in this Court on October 26th.

On March 2nd, defendant filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255. He asserts that his counsel was ineffective for failing to negotiate a written plea and cooperation agreement, for failing to object to the 21 U.S.C. §851 information/enhancement,

---

[1] The docket sheet for the Eighth Circuit reflects that his attorney filed an Anders brief in September and defendant, although given an extension to file a supplemental brief, instead filed a motion to dismiss the case.

-1-

for failing to make adequate objections at sentencing to preserve appellate issues, and for filing an Anders brief instead of perfecting an appeal or raising plain error issues. Defendant also seeks an evidentiary hearing.

Defendant contends that he specifically requested his counsel to negotiate a written plea with a cooperation agreement instead of a verbal deal with the government. He continues that his counsel failed to object to the Judge's plea colloquy when it fell short of the Criminal Procedure Rule 11 standards and failed to object during the oral plea colloquy concerning the 21 U.S.C. §851 enhancement – notice of which was never received from the government – that defendant did not possess "crack cocaine" in the prior conviction on which the government relied for the enhancement. He argues that the §851 enhancement requires that a defendant have committed the same offense in a prior conviction – not simply a marijuana conviction which warranted a sentence of probation. Defendant asserts that the Court failed to adequately question him specifically about his criminal background which voids the plea agreement.

He also argues that his counsel failed to object to the Court's failure to notify defendant of his constitutional rights under United States v. Booker, and the mandatory use of the guidelines in this case; to the legality of the plea in chambers versus an open court plea; to the illegal 2 point firearm enhancement for a firearm he never pled guilty to at the oral plea; to discuss the acceptance of responsibility with the Court and the government at sentencing; to the illegal and excessive 10 years of supervised release imposed; to the failure to attach the plea transcripts to his presentence report; and to the judicial participation at sentencing towards circumventing ineffective assistance of counsel relief. Finally, defendant claims that his counsel was ineffective for failing to raise the

2 level upward departure for a firearm he never pled guilty to on direct appeal and the excessive supervised release imposed.

The government filed a response on March 15th that defendant failed to show that his counsel was ineffective.  As to the claim regarding failing to negotiate a written plea agreement, the government points out that defendant stated he was satisfied with the services of his attorneys and had no complaint whatsoever when discussing the oral plea agreement; he subsequently stated he agreed with the terms of the plea; he affirmed at sentencing that he wanted to enter a guilt plea; nothing has occurred that would cause him to want to change his plea; and he affirmed again that he was satisfied with his counsel's representation in his case.

The government continues that defendant's counsel had nothing to object to during the change of plea colloquy as the government did state that defendant understands and agrees that he has a prior felony drug conviction which requires the Court to sentence him to no less than 20 years; the government made no mention of the prior conviction being for possession of crack cocaine; the presentence report noted a prior conviction for delivery of a controlled substance – marijuana; defendant filed no objections to the presentence report; defendant stated at the sentencing hearing that he was satisfied with the accuracy of the report; and he accepted responsibility to be punished.

The government counters that defendant fails to cite any specific language to back up his assertion that an enhancement under §851 may only be applied if the prior conviction was for the same crime that the defendant is currently indicted upon, his sentence was enhanced pursuant to the express language of 21 U.S.C. §841 and that § 851 merely describes the procedures the government must follow – and followed in this case –  in order to give defendant adequate notice that his sentence will be enhanced due to a prior  felony drug conviction.  It asserts that even if there were

any errors – which it does not concede – in calculating the guidelines sentence, any error would be harmless as defendant was sentenced to the statutory minimum.

Regarding the Anders brief claim, the government argues that defendant fails to show how his counsel was ineffective or how he was prejudiced to the point that had an Anders brief not been filed a reasonable probability existed that the result would have been any different. Finally, it states that the in-chambers change of plea colloquy was on the record and subject to the same formalities as it would have been had it been conducted in open court.

On April 3rd, defendant filed a reply in which he argues that the government's silence concedes his claims that the excessive 10 years of supervised release violated Apprendi; the 2-point firearm enhancement for a gun was not pled in the instant case; §841 contains no penalty but was constructively amended by the presentence report; he was denied an opportunity to cooperate under U.S.S.G. §5K1.1 and Fed.R.Crim.P. 35; a plain error argument could have easily been raised as alleged in the §2255; and counsel's failure to ascertain the plea colloquy was according to the dictates of Fed.R.Crim.P. 11 and 32. He counters that the government offered no case law to show that the "same crime" is irrelevant under the §851 enhancement and stresses that §851 applies when the same crime is committed twice or more. Defendant continues that nowhere in his plea or sentencing colloquy did he admit to a §841 penalty that allows a 240-month sentence, he followed his counsel's lead, and his sentence would have been less if his counsel had made proper objections as alleged in the §2255 petition.

The transcript of the April 3, 2006 change of plea was filed in this Court on August 31st. Relevant portions of the transcript are excerpted below:

THE COURT: All right, I'm going to ask the defendant to stand and raise his right hand and be sworn by the clerk.

[Defendant sworn].  [Page 2]

\*\*\*\*

THE COURT: Are you satisfied with the services rendered thus far by your attorneys and particularly Mr. Robinson?

THE DEFENDANT: Yes, sir.

THE COURT: You have no complaints whatsoever?

THE DEFENDANT: No, sir.

THE COURT: Is there a plea agreement?

MR. LAVICKA: There's not a written plea agreement, no, Your Honor.

THE COURT: Is there an oral agreement?

MR. LAVICKA: Yes, Your Honor.

THE COURT: Would you state it for the record. Now, I want you to listen carefully because I want you to state for the record whether you or disagree with this agreement because I don't want you coming back here six months from now telling me that you performed your side of the agreement but the government has not or that your attorney was ineffective and you have a new lawyer and you want any sanctions set aside. So listen carefully because I want you to state for the record whether you agree or disagree with the agreement. What is the substance of the agreement?

MR. LAVICKA: Your Honor, the United States will move to dismiss Counts 1, 2 and 3 and the defendant agrees to plead guilty to Count 4 possession with intent to distribute more than 50 grams of crack cocaine. The defendant understands and agrees that he has a prior felony drug

conviction which requires the court to sentence him to no less than 20 years. Your Honor, those are the salient points of the plea agreement that we have.

THE COURT: There is nothing else about the level of credit he is to receive?

MR. LAVICKA: No, Your Honor.

THE COURT: You all haven't discussed that?

MR. LAVICKA: No, Your Honor.

THE COURT: You didn't discuss the federal sentencing guidelines?

MR. LAVICKA: No, Your Honor.

THE COURT: Mr. Robinson or your associate, what is your understanding of the agreement that you all have with the Untied States government?

MR. LAVICKA [sic]: Your Honor, my understanding is exactly what was recited by the U.S. attorney's office word for word.

THE COURT: All right. You have heard the U.S. Attorney state for the record the substance of this agreement. Do you agree or disagree with his summary?

THE DEFENDANT: No, sir. Oh yes, I agree.

THE COURT: You agree with what he said?

THE DEFENDANT: Yes, sir. [Pages 4-6]

****

THE COURT: Has anybody promised you anything?

THE DEFENDANT: No, sir.

THE COURT: It's free and voluntary?

THE DEFENDANT: Yes, sir. [Page 8]

The transcript of the July 27th sentencing was filed in this Court on August 18th. Relevant portions of the transcript are excerpted below:

THE COURT: Mr. Achorn, have you had an opportunity to review the presentence report with Mr. Garner?

MR. ACHORN: Yes, Your Honor, we have.

THE COURT: I recognize that you have not filed any objections. However, are there any matters you'd like to call to the Court's attention that might implicate the integrity of the report.

MR. ACHORN: None that I'm aware of at this time, Your Honor. And I would like to ask him the same question.

(Off the record.)

MR. ACHORN: So you're satisfied with the accuracy of this report?

THE DEFENDANT: Yes, sir.

****

MR. ACHORN: Your Honor, we have entered into a negotiated plea. We recognize the Court is not obligated to settle – or to accept, but we stand on that agreement that we plead guilty pursuant to with the United States Attorney's Office at that time, Your Honor.

THE COURT: All right. Mr. Garner, I am duty bound to afford you an opportunity to address the court relative to mitigation if you have anything to say.

THE DEFENDANT: No. I just – I just know I did wrong. And, I mean, I accept my responsibility to be punished, man. I have children, man. I just ask – you know what I'm saying – y'all do the best y'all can for me.

THE COURT: Mr. LaVicka, what says the government?

MR. LAVICKA: Your Honor, the United States is recommending the statutory minimum pursuant to the plea agreement of 20 years, Your Honor.

THE COURT: For the record, the Court recognizes that the federal sentencing guidelines are not mandatory, but advisory only. The Court notes the following factors that implicate the guidelines in this action. The total offense level is 34. The criminal history category is V. The imprisonment range under the guidelines, a minimum of 240 months, the maximum is 292 months.

Now the statutory range provides, given the circumstances here, the defendant shall be sentenced for a period of time for not less than 20 years, not more than life. And given the fact that the statutory minimum is mandatory, the guideline range has increased to 240 months; the supervised release term under the guidelines of not less than 10 years. [Pages 2-4]

****

Now I recognize that the government and the defendant entered into a plea agreement and agreed that the sanction to be imposed will be not less than 20 years. However, the Supreme Court has directed trial judges, regardless of the sanction that is required, the Court has an affirmative duty to consider the factors under the sentencing guidelines in order to make sure that the sanction indicated or to be applied is fair, impartial. And the Court has done that and stated for the record the action taken. [Page 5]

****

MR. ACHORN: I'd like to make a brief record if the Court doesn't mind.

THE COURT: All right.

MR. ACHORN: Mr. Garner, you recall that we appeared – I don't know the exact date, but we appeared – I think it was in April. We appeared ready for trial before this Court in this courtroom. Do you recall that?

THE DEFENDANT: Yes, sir.

MR. ACHORN: At that point, Mr. Robinson and myself engaged in further plea negotiations with the U.S. Attorney outside of your presence. Is that your understanding?

THE COURT [sic]: Yes, sir.

MR. ACHORN: And at that point we presented you with an offer from the U.S. Attorney's Office that myself and you and Mr. Robinson had lengthy off-the-record discussions in the room adjacent to this courtroom. Do you recall that?

THE DEFENDANT: Yes, sir.

MR. ACHORN: At that time you indicated to us that you wanted to take this negotiated plea; is that correct?

THE DEFENDANT: Yes.

MR. ACHORN: At that point we went into chambers with Judge Howard and placed it on the record in front of the Court? Do you recall that?

THE DEFENDANT: Yes.

MR. ACHORN: Is that right?

THE DEFENDANT: Yes, sir.

MR. ACHORN: He inquired certain questions of you, if you wanted a trial by jury, if you wanted to waive that right. Do you recall those questions?

THE DEFENDANT: Yes, sir.

MR. ACHORN: Since that time that we appeared before this Court and you entered your plea of guilty, has anything occurred that would cause you to want to change that plea?

THE DEFENDANT: No, sir.

MR. ACHORN: As a matter of fact, I visited with you on occasions in the jail at which time we discussed that; is that correct?

THE DEFENDANT: Yes, sir.

MR. ACHORN: And at no time did you indicate to me that you wanted to do anything but accept – but keep your plea as guilty and accept the imposition of sentence by this Court; is that correct?

THE DEFENDANT: Yes, sir.

MR. ACHORN: Are you satisfied with my and Mr. Robinson's representation of you in this matter?

THE DEFENDANT: Yes, sir.

MR. ACHORN: Do you have any – at this point, recognizing you have 30 days from today's date or 30 days from entering the judgment to appeal the imposition of this Court's sentence – at this point, do you desire an appeal?

THE COURT: That's incorrect. He has 10 days.

MR. ACHORN: I'm sorry, Your Honor. Thank you, Judge. At this point, do you desire an appeal of this Court's imposition of sentence?

THE DEFENDANT: No, not at this point, I don't.

MR. ACHORN: You recognize you can change your mind between now and 10 days, correct?

THE DEFENDANT: Yes, sir.

MR. ACHORN: Is there any questions you'd like to ask of me at this point?

THE DEFENDANT: No, sir. [Page 7-9]

The following excerpts from United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005), are applicable to the legal standards for ineffective assistance of counsel and the arguments presented by defendant:

> "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). More specifically, the petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).
>
> ****
>
> Ledezma stated both in writing and in open court that Nuñez had reviewed with him and explained the plea agreement. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), for the proposition that "the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings' ").

Regarding the allegation of counsel's failure to negotiate a written plea agreement with a cooperation agreement instead of a verbal deal, defendant has failed to allege, much less demonstrate, how an oral agreement on the record was deficient as compared to a written plea agreement or how he was prejudiced by the agreement being stated on the record only. Moreover, it is solely in the government's discretion as to whether a §5K1.1 or Rule 35 motion will be made as illustrated by the following excerpt from United States v. Mullins, 399 F.3d 888, 889-890 (8th Cir. 2005):

Before a district court may depart below a statutory mandatory minimum sentence to reflect a defendant's substantial assistance, the government first must make a motion requesting the court impose a sentence below the mandatory minimum. Melendez v. United States, 518 U.S. 120, 125-26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996) (citing 18 U.S.C. § 3553(e)). Both 18 U.S.C. § 3553(e) ("[u]pon motion of the government") and section 5K1.1 of the Guidelines (same) give the government the power, but not the duty, to make a substantial assistance motion. Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). "[T]he government has no duty to make [a substantial assistance] motion unless it has entered into a plea agreement with the defendant that creates such a duty." United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001). Here, Mullins pled guilty without a plea agreement, and the government never promised it would move for a downward departure. Therefore, the government retained its discretion to decline to make a substantial assistance motion.

The government's discretion to refuse to make a substantial assistance motion "is subject to constitutional limitations that district courts can enforce." Wade, 504 U.S. at 185, 112 S.Ct. 1840. A district court may review the government's refusal to make a substantial assistance motion under section 3553(e) or section 5K1.1, if such refusal (1) was prompted by an unconstitutional motive, such as the defendant's race or religion; or (2) was not rationally related to a legitimate government interest. Id. at 185-87, 112 S.Ct. 1840. To obtain an evidentiary hearing, a defendant must make a "substantial threshold showing" that the government's refusal to make a substantial assistance motion was premised on an improper motive. Id. at 186, 112 S.Ct. 1840. "In the absence of such a showing, a defendant is not entitled to any remedy or even an evidentiary hearing." United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003) (citations omitted).

At the plea colloquy, the Court inquired of defendant's understanding of the proceedings; read Count 4 of the indictment and inquired as to defendant's understanding of it and his satisfaction with the services of his counsel; had the government state the substance of the plea agreement – the terms of which both defendant and his counsel agreed were correct; advised defendant of the presumption of innocence, reasonable doubt, the right to a 12 person jury, the right to face his accusers, and the right against self-incrimination; determined that the plea was free and voluntary; questioned the defendant as to what he had done; had the government summarize what evidence would be introduced at trial; and inquired whether defendant agreed or disagreed with the government's summary – to which the defendant readily agreed. Defendant then stated that his plea

was guilty to Count 4. Except for complaining that the plea hearing was held in chambers rather than the courtroom, defendant has not identified the alleged Rule 11 deficiencies.

Although Fed.R.Crim.P. 11(b)(1) does designate that the plea proceedings be held in "open court," the reason the guilty plea was taken in chambers is because the jury pool for defendant's trial had already been summoned to the courtroom before the Court was advised that defendant had changed his mind and wanted to plead guilty so it was more efficient to conduct the plea hearing in chambers and would avoid prejudice to defendant if the guilty plea was not accepted. Moreover, defendant has failed to identify how he was prejudiced by the guilty plea being taken in chambers instead of the courtroom, which was filled with potential jurors. The proceedings were recorded by the court reporter and it would appear that, at most, this would be harmless error that did not affect defendant's substantial rights. *See* Fed.R.Crim.P. 11(h).

Defendant's arguments regarding the enhanced sentence under §§841 and 851 also fail. The government has correctly pointed out that defendant has cited no authority for his assertion that the prior conviction must be for the same offense. Indeed, in United States v. Collins, 340 F.3d 672, 680 (8th Cir. 2003), where a jury convicted Collins of conspiracy to distribute and possess with intent to distribute methamphetamine, the appellate court stated:

> Under these facts, Collins's two prior felonies used to enhance this sentence were also drug crimes. FN4  As in Prior, the repeated nature of similar crimes particularly lends the matter to the enhancement provision of § 841 (b) and does not warrant a finding of disproportionality under the Eighth Amendment. Collins's constitutional claim thus cannot succeed.
>
> > FN4. Collins's prior felonies involved the delivery and manufacture of marijuana and a controlled substance.

Here, defendant admits in the §2255 motion that he had a prior marijuana conviction, he agreed at the plea hearing that he had a prior felony drug conviction that required a sentence of not

less than 20 years, and he did not object to the presentence report stating that he pled guilty to delivery of a controlled substance – marijuana – in 1999. Moreover, the government filed a notice, on August 3, 2005, under §851 placing defendant on notice that his sentence would be enhanced as a result of a prior felony drug conviction and filed a supplementary notice, on August 12, 2005, that there were two prior felony drug convictions.[2] Defendant acknowledges at the top of page 2 of his §2255 memorandum that the government filed the §851 information alleging that he had committed a drug trafficking crime in the past.

Defendant's guidelines arguments are without merit. The statute required a mandatory minimum sentence of 20 years which he received so defendant was not prejudiced by any of the factors considered under the guidelines.

Although defendant contends that 18 U.S.C. §3583 and 18 U.S.C. §3559 limit his term of supervised release to no more than 3 years, §841(b) specifically provides that "[n]ot withstanding section 3583 of Title 18, any sentence under this subparagraph ... shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment."

Defendant is incorrect in asserting that his counsel was ineffective in failing to object that the plea transcript was not attached to the presentence report. There is simply no requirement for such an attachment and defendant has failed to cite any authority in support of his claim. He has also failed to identify how there was "Judicial Participation at sentencing towards circumventing ineffective assistance of counsel relief."

---

[2]The criminal history section of the presentence report only reflects one prior felony drug conviction. The second case number referenced in the supplementary notice is for a non-drug conviction.

Finally, defendant's counsel was not ineffective in filing an <u>Anders</u> brief. While defendant argues that the 2 level upward departure for the firearm and the excessive supervised release were not frivolous arguments that should have been raised on appeal, the Court has already explained that both of those claims are completely without merit as the applicable statutes clearly state the statutory minimum term of 20 years imprisonment and the 10 years of supervised release. Nevertheless, defendant's counsel did address three points in the <u>Anders</u> brief as to the effect of the guilty plea, the Rule 11 requirements, and the presentence report.

In sum, defendant is not entitled to any relief on the claims he has raised in his §2255 motion and so a hearing is not warranted.

Accordingly, defendant's March 2nd motion (#54) to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255, is hereby denied.

IT IS SO ORDERED this 16th day of May 2007.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE