IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:05CR00096 SWW |
| | * | |
| CEPHUS MARKELL GARNER | * | |

**Order**

Before the Court is defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction.  Based upon such review, the Court concludes that defendant is not eligible for a sentence reduction.

Not every person sentenced for a crack cocaine offense is eligible for consideration for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for the Court to consider whether to exercise its discretion to grant a sentence reduction.  U.S.S.G. § 1B1.10(a)(1).

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

To determine whether a defendant is eligible for a sentence reduction, the Court must determine the amended guideline range "that would have been applicable to the defendant if the [crack cocaine] amendment[] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Additionally, the Court may only substitute the amended retroactive guideline, in this case § 2D1.1, and "shall leave all other guideline application decisions unaffected." *Id*.

Defendant is not eligible for a sentence reduction. His case is one in which application of amended § 2D1.1 does not change the guideline range. The base offense level for the quantity of drugs was 34. Because defendant possessed a firearm, he received a 2 point enhancement; because he pleaded guilty, he received a 2 point reduction. Thus, his total offense level remained 34. With a criminal history category of V, the original guideline range was 240-293 months.[3] The statutory minimum was 240 months, and the Court imposed a guideline sentence of 240 months. Because defendant received the statutory minimum sentence, he is not entitled to a reduction of sentence pursuant to the retroactive crack cocaine amendment.

IT IS THEREFORE ORDERED that defendant's Motion for Reduction Under 18 U.S.C. § 3582(c)(2) [docket entry 71] is denied.[4]

DATED this 24th day of June 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] The guideline imprisonment range is 235-293 months. However, because this is less than the statutory minimum range of 240 months, the guideline range is 240 to 293 months.

[4] Defendant's request to hold his motion in abeyance is denied.